UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE RACH,

          Plaintiff,

v.                                                             Case No. 24-cv-1046-pp

JEFFREY J. RATZBURG, *et al.*,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Kyle Rach, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

I.    **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On September 5, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $46.04. Dkt. No. 9. The court received that fee on October 21, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff sues three defendants who work at Kettle Moraine Correctional Institution: Jeffrey Ratzburg, the woodshop teacher; James McGinnis, the education director; and Michael Gierach, deputy warden. Dkt. No. 1 at 2.

The plaintiff alleges that in May 2022, part of his thumb was cut off while using a table saw at Kettle Moraine. Id. Defendant Ratzburg allegedly caused the incident because he did not properly train the plaintiff to use the table saw and because of his practice of not allowing "guards" to be placed on the table saw. Id. The plaintiff alleges that Ratzburg does not have guards set

3

in place on the table saw because he finds it "cumbersome." Id. This practice allegedly violates "Delta Table Saw Rules" and Kettle Moraine's safety rules. Id.

The plaintiff states that he submitted an inmate complaint regarding the incident and that Warden Jon Noble affirmed the complaint. Id.

The plaintiff alleges that defendants McGinnis and Geirach "failed to interve[ne] [because] they allowed Ratzburg to create unsafe conditions by catering to his unsafe shop violations." Id. at 3. The plaintiff states that McGinnis and Geirach failed to correct the practice of Ratzburg not allowing guards to be used on the table law. Id.

In the accident report for the incident, all the defendants allegedly state that the appropriate actions and safety procedures/protocols were to have been taken to prevent/correct this from happening again. Id. The plaintiff alleges that steps have not been taken to correct the safety violations. Id. He states that "[w]hat is known to this Plaintiff and the Defendants, and current KMCI Administration for the Education system, is the habitual violations of shop safety by Ratzburg that is still ongoing to this day." Id.

The plaintiff states that he sues the defendants in their individual and official capacities. Id. For relief, he seeks monetary damages and injunctive relief. Id. at 4.

C. Analysis

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal quote omitted). To establish an Eighth

4

Amendment claim the plaintiff must demonstrate two components; (1) that he was subjected to an objectively serious deprivation and (2) that the defendant was "deliberately indifferent" to the deprivation. Id. at 834. The Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." Smith v. Peters, 631 F.3d 418, 420 (7th Cir. 2011) (quoting Ambrose v. Young, 474 F.3d 1070, 1075 (8th Cir. 2007)). Deliberate indifference means that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Figgs v. Dawson, 829 F.3d 895, 903 (7th Cir. 2016) (citations omitted).

The plaintiff may proceed on an Eighth Amendment claim against Ratzburg in his individual capacity for allegedly creating the unsafe condition by not training the plaintiff to use the table saw and not using guards on the saw. The plaintiff also may proceed on an Eighth Amendment claim against McGinnis and Gierach in their individual capacities based on allegations that they knew about the unsafe conditions but did not do anything about them. Because the plaintiff alleges that there is a custom or practice of unsafe activities regarding the table saw at Kettle Moraine, and because the plaintiff

5

seeks injunctive relief, he also may proceed against the defendants in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989); Kentucky v. Graham, 473 U.S. 159, 166 (1985).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Jeffrey J. Ratzburg, James E. McGinnis and Michael G. Gierach. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$303.96** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Kettle Moraine Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 17th day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**